### INNIS vs. KEMPER.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The petition states, that the police jury of the parish of Rapides, appointed the defendant and others, a jury of free-holders, to lay out a public road from the Bayou Rapides to the corner line of the defendant's plantation, and thence to the bayou again—that by the report of said jury, it appears they directed the road to run through a part of the plaintiff's land, assessing his damages at $20 per arpent, without stating the number of arpens, or otherwise as-

A freeholder who has signed a return for a road under the *jurat* of the justice of the peace cannot be afterwards permitted to prove he was not sworn.

CASES IN THE SUPREME COURT

certaining the amount of his claim, for which reason, and because the said road ought not to have been so laid out, he prayed an appeal from the decision of the jury. He alleges the free-holders were not sworn as the law directs —that the persons named by the jury of police were not all free-holders—that the police jury have appointed the defendant syndic and overseer of said road, who has notified the plaintiff's overseer to send the plaintiff's hands to work on said road—whereupon the plaintiff obtained an injunction, prohibiting the defendant from proceedidg to lay out said road, till after the decision of the court on the plaintiff's appeal. There was also a prayer for further redress.

The answer denied all the allegations of the petition, and averred the road to be a proper and useful one.

The district court fixed the width of the road at 25 feet, and allowed the plaintiff $100 for the value of his land covered by the road, and ordered the injunction to be *ipso facto* dissolved on the payment or deposit of said sum in the office of the parish judge, for the plaintiff, and ordered the parish to pay costs.

The plaintiff appealed.

The statement of facts shews that,

Baillo deposed he does not know exactly how the land runs—but the road cuts part of the back land. He would not be bound to keep up the same for $500. There are thirty arpens from the bayou to the river, and there is a lane between the plaintiff's and Kemper's land that has been used. No part of the lane belongs to the plaintiff. The plaintiff has a road from his gate to the river, through the middle of his field. The witness is the plaintiff's attorney in fact.

Compton deposed, he thinks the damages could not be less than $300. He would not keep up the two fences for that sum; but knows nothing of the place.

M'Cummin deposed that the road cuts off about 30 arpens, more or less. The road is about 14 arpens. A road along the plaintiff's line would be impracticable, without a bridge as large as that over the bayou. The road laid out is as good as can be. By going round Innis' line it would not be lengthened a quarter of a mile, the plaintiff's line is about twenty-three arpen's long.

On the part of the defendant,

Wood deposed there was a road from Kemper's to Curtis'—where Curtis and the witness

West'n District,
*Sept.* 1824.

Innis
*vs.*
Kemper.

hauled their cotton. The road was more inju-
rious to the plaintiff than the present. The
road is well laid out, on the best ground. The
land is worth $20 the arpent. That on the
side line is worth $20.

Johnson deposed the plaintiff never applied
to him for his indemnity. He is the parish
treasurer.

Martin deposed the road has been between
the plaintiff and Kemper ever since he recol-
lects. There was a road, called the old French
road, that went farther into the plaintiff's land,
which he recollects for nearly thirty years that
he has been here. The plaintiff said, that if
the witness would give half of the land, he
would give his quantity. The road is as use-
ful to the plaintiff, as to the witness. The de-
fendant commenced opening the road, but was
stopped by the injunction. It is the best road
that can be had, and shortens the way to the
Indian village very much, and adds a great
deal to the value of the plantation.

During the trial, the plaintiff offered Sacket,
one of the jury of freeholders mentioned in the
petition, to prove they did not take the oath, re-
quired by the act of 1818, previous to their
laying out the road—but the court refused to

hear him, as his deposition was offered in contradiction of the report of the freeholders. The plaintiff's counsel took a bill of exceptions.

The return of the freeholders, subscribed by Sackett, the witness produced, shews they took the oath, and after the signatures of the freeholders, is the *jurat* of the justice of the peace. This establishes that the oath *was* taken—but it is urged this does not *shew* it was taken before they proceeded. This circumstance would not vitiate the proceedings. *Nott* vs. *Daunoy, vol.* 1, 1.

On the merits, the judgment does not appear erroneous. Nothing in the evidence enables us to say the road was improperly laid out where it is. The freeholders assessed damages to the value of the land taken—they did not consider any claim to indemnity on the score of any extra fencing, which the road might render necessary. But the plaintiff himself informs us of his grounds of complaint—of the reasons for which he appealed, viz: that the road was improperly laid out where it is—that the freeholders had stated the rate of compensation at $20 per arpent, without either calculating the amount, or stating the *number* of arpens. This number appears now—the judg-

ment fixes the width of the road at twenty-five feet. Indeed this was already fixed by law; and we have the length of the road—this enabled the district judge to calculate the *quantum* of the compensation.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Bullard* & *Scott* for the plaintiff; *Johnston* for the defendant.